**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1244**

SHANNON KEENAN GREENE,

   Plaintiff - Appellant,

  v.

CITY OF VIRGINIA BEACH,

   Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Senior District Judge.  (2:19-cv-00150-RBS-DEM)

Submitted:  August 19, 2021        Decided:  August 31, 2021

Before THACKER, HARRIS, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Shannon Keenan Greene, Appellant Pro Se.  Brittany Ashley McGill, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; James Arthur Cales, III, FURNISS, DAVIS, RASHKIND & SAUNDERS, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Keenan Greene seeks to appeal the district court's order (1) denying her motions for default judgment and sanctions; and (2) denying her motion for a preliminary injunction. Appellee City of Virginia Beach moves to partially dismiss the appeal as to the court's rulings on Greene's motions for default judgment and sanctions. We dismiss in part and affirm in part.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The portions of the district court's order denying Greene's motions for default judgment and sanctions are neither final orders nor appealable interlocutory or collateral orders. Accordingly, we grant Appellee's motion to dismiss those aspects of this appeal for lack of jurisdiction.

We do, however, have jurisdiction to review the order as it relates to the district court's denial of Greene's request for preliminary injunctive relief. *See* 28 U.S.C. § 1292(a)(1). We review the district court's denial of injunctive relief for an abuse of discretion. *Di Biase v. SPX Corp.*, 872 F.3d 224, 229, 232 (4th Cir. 2017). If the district court "applied a correct preliminary injunction standard, made no clearly erroneous findings of material fact, and demonstrated a firm grasp of the legal principles pertinent to the underlying dispute," no abuse of discretion occurred. *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 192 (4th Cir. 2013) (en banc).

"A plaintiff seeking a preliminary injunction must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy" that "shall be granted only if the moving party clearly establishes entitlement to the relief sought." *Di Biase*, 872 F.3d at 230.

The district court held that Greene had not established that she was at risk of imminent harm without the court's intervention. In doing so, the court reasoned that although Greene expressed concern that she would be subjected to "physical incidents" in the workplace based on events that allegedly occurred in years past, she had failed to make a clear showing that she was likely to suffer irreparable harm in the absence of preliminary relief, or that the balance of equities tipped in favor of ordering injunctive relief. After reviewing the record, we conclude that the district court did not abuse its discretion in denying Greene's motion on this basis. We therefore affirm the district court's denial of a preliminary injunction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*